# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| THE HARTFORD FIRE INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09 C 3473 |
| TRANSGROUP EXPRESS, INC., | ) ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court to resolve a discovery dispute arising from a case pending in the United States District Court for the District of Minnesota. The Plaintiff, Hartford Fire Insurance Company, Inc. ("Plaintiff"), moves to quash a deposition subpoena issued by Defendant Transgroup Express, Inc. ("Defendant") for the appearance in Chicago of Terrence Knight ("Knight"), a Certified Public Accountant with an office in Libertyville, Illinois. Knight was previously designated by Plaintiff as a testifying expert witness and was later re-designated as a non-testifying, consulting expert after he had submitted his expert reports and a deposition subpoena was issued. The motion to quash raises the issue of whether Defendant is barred from taking the deposition of Knight by reason of the re-designation. This Court held oral argument on July 8, 2009. For the reasons set forth below, this Court denies Plaintiff's motion to quash subpoena.

# I. BACKGROUND FACTS

Because the case underlying this action is pending in the District of Minnesota and is only before this Court on Plaintiff's motion to quash Defendant's subpoena, this Court provides as background only the facts necessary to decide the motion.

## A.     Procedural Facts

The Minnesota case underlying this action arises from a complaint filed by Plaintiff against Defendant alleging fraud, breach of fiduciary duty, intentional and negligent misrepresentation, conversion, unjust enrichment, and civil conspiracy. On September 4, 2007, summary judgment was granted for Defendant, after which Plaintiff appealed to the United States Court of Appeals for the Eighth Circuit. *See Hartford Fire Ins. Co. v. Clark*, 562 F.3d 943 (8th Cir. 2009). The Eighth Circuit reversed and remanded the case to the District of Minnesota for further proceedings. *Id*. at 947. On May 8, 2009, the district court issued an order allowing the parties forty-nine days to complete expert discovery. On June 2, 2009, the Defendant issued a deposition subpoena for the appearance of Knight in Chicago. Plaintiff's motion to quash the subpoena followed.

## B.     Terrence Knight - C.P.A.

On May 4, 2007, Knight, a Certified Public Accountant with an office in Libertyville, Illinois, was disclosed by Plaintiff as a testifying expert witness. Also disclosed on that date were two expert reports written by Knight. The reports were originally produced by Knight on February 28, 2006, and May 4, 2007, respectively. Following the district court's May 8,

2009 order, Defendant notified Plaintiff of its intent to depose Knight and scheduled the deposition for June 11, 2009, in Chicago, Illinois. On May 28, 2009, after the deposition had been scheduled, Plaintiff notified Defendant via e-mail it was withdrawing Knight as a testifying expert witness and, as a result, there was no need to depose him.

Defendant issued a deposition subpoena on June 2, 2009, and notified Plaintiff the same day. On June 3, 2009, Plaintiff wrote a letter to Defendant indicating it elected not to call Knight to testify as an expert in the Minnesota action, but continued to employ him as a non-testifying trial consultant. Plaintiff contends Fed. R. Civ. P. 26(b)(4)(B) bars Defendant from deposing Knight. The letter further informed Defendant that Knight would not appear for his deposition. On June 4, 2009, Defendant gave Plaintiff notice of its intent to proceed with the deposition on the grounds it was improper to re-label Knight as a non-testifying expert after his long-standing status as a testifying expert witness and his production of two expert reports. On June 8, 2009, Plaintiff filed the present motion to quash the June 2, 2009 subpoena.

## II. LEGAL STANDARDS

"A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena, if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)). "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). However, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another

3

party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B).

A subpoena for attendance at a deposition must be issued from the court for the district where the deposition is to be taken. Fed. R. Civ. P. 45(a)(2)(B); *In re subpoena issued to Nissan North America, Inc.*, 2003 WL 25778944, *1 (N.D. Ill. Jan. 22, 2003). A motion to quash such a subpoena must be filed and decided in the court from which the subpoena was issued. Fed. R. Civ. P. 45(c)(3)(A); *Kearney v. Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 1997).

### III. DISCUSSION

This dispute presents the following issues: (1) whether Defendant may re-designate Knight as a non-testifying expert under Rule 26(b)(4)(B) after he was disclosed as a testifying expert witness and his reports were delivered under Rule 26(b)(4)(A); and (2) whether the probative value of the deposition testimony outweighs potential unfair prejudice to Plaintiff.

**A.  Plaintiff may not re-designate Knight from a testifying expert witness to a non-testifying expert.**

Plaintiff may not re-designate Knight as a non-testifying expert witness after having identified him previously as a testifying expert witness, and having produced in discovery two reports written by him in that capacity. The Seventh Circuit Court of Appeals has flatly rejected the idea that an expert who has been designated as a testifying expert witness and has produced an expert report can later be re-designated as a non-testifying expert to avoid

4

having the expert deposed. *See SEC v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009) (citing Fed. R. Civ. P. 26(b)(4)(B)). "A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed . . . to the status of a trial-preparation expert whose identity and views may be concealed." *Id*. A party's "disclosure of the report ends the opportunity to invoke confidentiality."[1] *Id*.

Under Rule 26(b)(4)(B), a party may not "discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" except on showing of exceptional circumstances. The "exceptional circumstances" exception under Rule 26(b)(4)(B) does not apply where a non-testifying expert was previously designated as a testifying expert witness.[2] *See Meharg v. I-Flow Corp.*, 2009 WL 1867696, *1 (S.D. Ind. June 26, 2009) (expert is taken out of purview of Rule 26(b)(4)(B) once designated to testify at trial and court should use discretion to decide whether expert should

---

[1] The Seventh Circuit in *Koenig* also found that a party's failure to disclose its intent to call an adverse party's witness is harmless error and does not bar the witness' testimony. *Koenig*, 557 F.3d at 743-44 (citing Rule 37(c)(1) (a harmless lack of notice may be overlooked)).

[2] The district court cases cited by Plaintiff from the Seventh Circuit are either factually distinguishable or altogether inapposite. In each of the cases, the expert had either (1) not been designated as a testifying expert witness; or (2) neither issued a report nor appeared at a deposition. *See, e.g., Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506 (N.D. Ill. Aug. 2, 2006); *Sunrise Opportunities, Inc. v. Regier*, 2006 WL 581150 (N.D. Ill. Mar. 7, 2006); *Spearman Indus., Inc. v. St. Paul Fire and Marine Ins. Co.*, 128 F. Supp. 2d 1148 (N.D. Ill. 2001); *Hartford v. Pure Air on the Lake Ltd. P'ship*., 154 F.R.D. 202 (N.D. Ind. 1993).

5

be deposed, weighing the probative value against the prejudice); *United States v. Cinergy Corp.*, 2009 WL 1124969, *2 (S.D. Ind. April 24, 2009) (designation of expert as one to testify at trial takes expert out of purview of Rule 26(b)(4)(B), which requires opposing party show exceptional circumstances to depose non-testifying expert).

Although this motion must be decided by this Court, it is highly likely the District of Minnesota would reach the same conclusion. *See Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999) (adopting the discretionary standard articulated in *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996), whereby the court applies the balancing test set forth in Fed. R. Evid. 403).

Because Knight was designated and disclosed more than two years ago as a testifying expert witness and produced two reports in that capacity, this Court finds that Plaintiff may not now re-designate Knight as a non-testifying expert. Therefore, no Rule 26(b)(4)(B) protection exists to prevent Defendant from deposing Knight.

**B.      Issues of Admissibility at Trial are Left to the Trial Judge.**

Before this Court is the single issue of whether to allow Defendant to proceed with the deposition of Knight. The Defendant has expressed its desire to question Knight regarding the differing conclusions reached in his reports. Defendant contends the fact that Plaintiff hired Knight to produce the reports and disclosed them to Defendant makes the information contained in them and from Knight's deposition relevant and probative as to the amount of damages. These are issues best determined by the trial judge in Minnesota and

this Court expresses no views on whether Knight's testimony or reports should be admitted at trial.

The Minnesota judge allotted forty-nine days in which to complete expert discovery. In his May 8, 2009 order, the judge specifically stated that when the court granted summary judgment in September 2007, expert depositions were pending in accordance with the court's scheduling order and in light of the Eighth Circuit's judgment the case should resume where it left off. The judge allowed the parties to take expert depositions in accordance with a new forty-nine-day schedule. Defendant stated in its brief that Knight's deposition was one of those originally scheduled to take place in September 2007, and thus is clearly within the scope of the judge's May 8, 2009 Order. This Court finds no reason to bar Defendant from taking Knight's deposition.

## CONCLUSION

More than two years ago, Plaintiff designated Knight as a testifying expert witness under Rule 26(b)(4)(A) and produced to Defendant two expert reports written by Knight. Plaintiff may not now re-designate Knight as a non-testifying expert under Rule 26(b)(4)(B). Defendant is permitted to depose Knight, and any issue of admissibility at trial is reserved for the judge presiding over the Minnesota action. **For the reasons set forth in this opinion, this Court denies Plaintiff's Motion to Quash Subpoena of Transgroup Express.**

**SO ORDERED THIS 29TH DAY OF JULY 2009.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Robert L. Reifenberg
John M. Kraft
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, IL 60603-1098

Counsel for Plaintiff

James M. Lockhart
John C. Ekman
LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274

Richard P. Steinken
Elizabeth A. Coleman
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Counsel for Defendant