UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HARTFORD FIRE INSURANCE COMPANY, INC., | ) ) ) | |
| Petitioner, | ) ) | 09 C 3473 |
| v. | ) ) | Judge George M. Marovich |
| TRANSGROUP EXPRESS, INC., | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

The Hartford Fire Insurance Company, Inc. ("Hartford") filed a petition to quash a subpoena issued by respondent Transgroup Express, Inc. ("Transgroup"). The subpoena was served on Terrance Knight ("Knight"), who had previously been disclosed as an expert witness in a suit between the parties that is currently pending in the United States District Court for the District of Minnesota. Magistrate Judge Denlow, to whom the matter was referred, entered an order denying Hartford's motion to quash the subpoena. Hartford timely filed objections to the Magistrate's order. For the reasons set forth below, the Court adopts Magistrate Judge Denlow's opinion to the extent it is consistent with this opinion and denies petitioner's motion to quash the subpoena.

**I.     Standard of review**

Rule 72 of the Federal Rules of Civil Procedure sets out the standard for reviewing a ruling by a magistrate judge. With respect to nondispositive matters, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *See* Fed.R.Civ.P. 72(a). With respect to dispositive matters, a district judge

"must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed.R.Civ.P. 72(b)(3).

Although both parties seem to agree that the Court should apply the standard of review for nondispositive matters, the Court believes it should apply the standard for dispositive matters.  A motion to quash a subpoena is usually a nondispositive matter; but, where, as here, the decision would dispose of the entire matter at issue in this case, the order is more properly treated as subject to *de novo* review.  *See Equal Employment Opportunity Comm'n v. Dolgencorp.*, Case No. 07 C 6672, 2008 WL 4542973 at *2 (N.D. Ill. April 15, 2008); *In re: Administrative Subpoena Blue Cross Blue Shield of Mass.*, 400 F. Supp.2d 386, 388-389 (D. Mass 2005) ("Many courts have treated similar motions to enforce or quash administrative subpoenas, or the like, as dispositive motions for purposes of review where the matter involving the subpoena constitutes the entire case before the court.") (collecting cases); *NLRB v. G. Rabine & Sons, Inc.*, Case No. 00 C 5965, 2001 WL 1772333 at *3 (N.D. Ill. Sept. 10, 2001) ("Because Judge Nolan's Report and Recommendation would be dispositive of the entire matter before the Court (that is whether to enforce the administrative subpoenas), this Court will review the May 7 ruling *de novo*.").  Thus, the Court will review *de novo* the portions of Judge Denlow's ruling that Hartford has properly objected to.  The Court notes, however, that it would have reached the same decision under either standard of review.

## II. Background

When it filed its objections, Hartford did not object to any of Judge Denlow's findings of fact. Accordingly, the Court will adopt Judge Denlow's findings of fact.[1]

The underlying lawsuit is pending in the District of Minnesota. In May 2007, Hartford disclosed Knight as a testifying expert. Hartford also produced two expert reports written by Knight. Knight had written one of the expert reports in May 2007 and the other in February 2006. Knight wrote the February 2006 expert report in connection with separate, related litigation.

Proceedings in the underlying suit made Knight's deposition unnecessary for a period of time. In September 2007, the District of Minnesota granted summary judgment in favor of Transgroup. At some point in 2009, however, the Eighth Circuit Court of Appeals reversed and remanded. The case is once again pending in the District of Minnesota.

In May 2009, the district judge in Minnesota set a new discovery deadline for expert discovery. Transgroup noticed the deposition of Knight for June 11, 2009. On May 28, 2009, after Transgroup had noticed the deposition, Hartford informed Transgroup by email that it was withdrawing Knight as a testifying expert and would not produce him for deposition. On June 2, 2009, Transgroup served the subpoena at issue here and notified Hartford. Hartford quickly moved to quash, and the Magistrate, after hearing oral arguments and receiving briefs, denied the

---

[1] In Hartford's *reply* brief, it argued that Judge Denlow had erred in finding that Knight issued two expert reports in May 2007 because, according to Hartford, Knight issued just one. The Court will not consider this objection because it is untimely–Hartford should have made this objection in its opening brief. In any event, it matters not whether Knight issued one or two reports in May 2007. The fact remains he issued *an* expert report in this case in May 2007.

motion on July 29, 2009. On August 7, 2009, Hartford timely filed objections, which were fully briefed on August 26, 2009.

## III. Discussion

Rule 26 of the Federal Rules of Civil Procedure sets out the circumstances under which parties may depose an opposing party's experts. Rule 26(b)(4)(A) states that "[a] party may depose any person *who has been identified* as an expert whose opinions may be presented at trial." Fed.R.Civ.P. 26(b)(4)(A) (emphasis added). Rule 26(b)(4)(B) adds:

> [o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert *who has been retained or specially employed* by another party in anticipation of litigation or to prepare for trial *and who* is not expected to be called as a witness at trial. But a party may do so only . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B)(ii) (emphasis added).

Hartford objects to Magistrate Judge Denlow's ruling and argues that Transgroup has failed to establish the "exceptional circumstances" required to justify deposing a non-testifying expert. By so doing, Hartford assumes away the real issue in this case. The real issue is whether Hartford–having listed Knight as a testifying expert, produced to Transgroup Knight's expert report and received a notice of deposition for Knight's deposition–can now cloak Knight with the protection granted a trial-preparation expert such that Hartford need not produce Knight for deposition absent "exceptional circumstances."

This Court is aware that a number of district courts have concluded that a party may, even after issuing an expert report, redesignate a testifying expert as a consulting expert in order to avoid a deposition. *See Estate of Manship v. United States*, 240 F.R.D. 229 (M.D. La. 2006); *Ross v. Burlington Northern RR Co.*, 136 F.R.D. 638 (N.D. Ill. 1991); *Mantolete v. Bolger*, 96

F.R.D. 179 (D. Ariz. 1982); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D. Ill. 1972). In these cases, the courts often noted that the purpose of deposing an expert is to prepare for cross-examination and concluded that where the expert is no longer expected to testify, no deposition is needed. Some courts have also noted that parties should be allowed to change their minds on their litigation strategy and should be able to protect from disclosure the work of their experts. Other courts have concluded that once an expert is designated as testifying, that expert is taken out of the purview of Rule 26(b)(4)(B). *Meharg v. I-Flow Corp.*, Case No. 08 C 0184, 2009 WL 1867696 at *1 (S.D. Ind. June 26, 2009); *House v. Combined Ins. Co. of Amer.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("designation of an expert as expected to be called at trial, pursuant to Fed.R.Civ.P. 26(b)(4)(A), even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B).").

This Court concludes that a party may not use Rule 26(b)(4)(B) to shield from deposition an expert who has been identified as a testifying expert and whose report has been produced. The first reason the Court reaches this conclusion is the plain language of Rule 26. Rule 26(b)(4)(A) allows a party to "depose any person *who has been* identified as an *expert whose opinions may* be presented at trial." It is undisputed that Knight has been identified in the underlying case as an expert whose opinions may be presented at trial. The problem is that Hartford later changed its mind. That does not change the fact that Knight has been identified as a testifying expert. Furthermore, in order to fall within the protections of 26(b)(4)(B), an expert must both (a) "not be expected to be called as a witness at trial" and (b) have been "retained or specially employed by another party in anticipation of litigation or to prepare for trial." This

Court does not see how an expert who has issued a report that has been produced to the opposing party can be thought of as an expert who was retained "to prepare for trial." In this Court's opinion, the very fact that a party has produced an expert's report to the opposing party shows that the expert was not hired for trial preparation but rather was hired for possible testimony. Hence, it is this Court's opinion that an expert does not fall within the protection of Rule 26(b)(4)(B) once that expert's report is produced to the opposing party.

The Court does not believe that this conclusion will interfere with parties' ability to use consultants or trial preparation experts to prepare for litigation or trial. The Federal Rules of Civil Procedure allow time for a party to review an expert's report before designating the expert as an expert whose opinions may be presented at trial. Absent a different time frame set by the court, a testifying expert need not be disclosed until 90 days before trial. *See* Fed.R.Civ.P. 26(a)(2)(C)(I)). A party has time between the filing of the lawsuit and the 90th day before trial to determine whether a particular expert should be used as a testifying expert. Discovery is a truth-seeking process, and it does not serve that process to allow a party to avoid the deposition of an expert whose report has been produced by changing that expert's designation to that of a trial-preparation expert.

The Court anticipates that the Seventh Circuit would agree that parties cannot protect an expert from a deposition by changing an expert's designation from testifying expert to trial-preparation expert after that expert's report has been produced to the opposing party. Judge Denlow properly relied on *SEC v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009). In *Koenig*, the Seventh Circuit considered whether it was proper for the SEC to call Koenig's expert witness, Dunbar, at trial even though Koenig had decided not to call Dunbar. The Seventh Circuit

concluded that the SEC was not required to list Dunbar as its own witness during discovery in order to call him at trial. The Seventh Circuit went on to say:

> Suppose this is wrong, however, and that the SEC should have identified Dunbar during discovery as its own witness. . . . Delay in alerting Koenig that Dunbar might testify was as harmless as they come, given Dunbar's status as Koenig's expert. . . . *Koenig maintains that with more advance notice from the SEC he would have withdrawn Dunbar as an expert.* But how could that have helped? A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed, and a deposition conducted, to the status of trial-preparation expert whose identity and views may be concealed. See Fed. R.Civ.P. 26(b)(4)(B). *Disclosure of the report ends the opportunity to invoke confidentiality*.

*SEC v. Koenig*, 557 F.3d at 744 (emphasis added). This Court is aware, as Hartford points out, that the quoted portion is dicta. Still, the Seventh Circuit considered (albeit quickly) whether a party could redesignate an expert as a trial-preparation expert after an expert report has been issued. The Seventh Circuit concluded, albeit in dicta, that the "[d]isclosure of the report ends the opportunity to invoke confidentiality." This Court reads that to mean that a party cannot invoke the protections of Rule 26(b)(4)(B) after the party has issued an expert report with respect to a particular expert.

For these reasons, the Court concludes that Hartford, having produced to Transgroup Knight's expert report, cannot protect Knight from a deposition by changing his designation from an "expert whose opinions may be used at trial" under Rule 26(b)(4)(A) to a trial-preparation expert under Rule 26(b)(4)(B). The Court adopts Magistrate Judge Denlow's decision to the extent it is consistent with this opinion and denies Hartford's petition to quash the subpoena.

**IV.** <u>**Conclusion**</u>

For the reasons set forth above, the Court adopts Magistrate Judge Denlow's July 29, 2009 opinion to the extent it is consistent with this opinion. Hartford's petition to quash the subpoena issued to Knight is hereby denied.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: September 1, 2009